# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEITH LONDON,
      Plaintiff,

    v.                                     Case No. 14-CV-0446

JEAN DIMOTTO,
KELLI THOMPSON,
THOMAS REED,
EUGENE DETERT,
EDWARD WRIGHT,
FREDERICK F. KLIMETZ,
RICHARD POULSEN, and
KATHLINE LINGREN,
      Defendants,

## DECISION AND ORDER

Plaintiff, Keith London, a state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before me on several motions filed by plaintiff and for screening of the complaint.

### I. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff has been assessed and paid an initial partial filing fee of $1.16. Plaintiff's first motion for leave to proceed in forma pauperis did not utilize the court's form and did not provide the required financial information or a certified copy of plaintiff's prison trust account statement for the six months preceding the filing of his complaint. Accordingly, I will deny plaintiff's first motion for leave to proceed in forma pauperis. However, when plaintiff submitted his trust account statement, he filed another motion for leave to proceed in forma pauperis using the court's form. I will grant this second motion.

## II. MOTION TO STAY ALL ORDERS

In this motion, plaintiff wanted this court to stay all orders and rulings while plaintiff filed an appeal. That appeal has been dismissed by the Seventh Circuit, and this motion will be denied.

## III. SCREENING

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). I may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts
2

## II. MOTION TO STAY ALL ORDERS

In this motion, plaintiff wanted this court to stay all orders and rulings while plaintiff filed an appeal. That appeal has been dismissed by the Seventh Circuit, and this motion will be denied.

## III. SCREENING

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). I may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts

and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations,

"however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**A. Factual Allegations**

In his complaint, plaintiff presents claims against the Milwaukee County Judge who presided over his criminal case, claims against two employees of the State Public Defender's Office who assigned counsel for plaintiff in his criminal case, and claims against five private attorneys who represented plaintiff during his criminal case and his appeal. Plaintiff's claims are based on various provisions of the United States and Wisconsin Constitutions, as well as the Americans with Disabilities Act (ADA), the Rehabilitation Act, the Federal Tort Claims Act (FTCA), and case law. Plaintiff also suggests Judge DiMotto was responsible for the conditions of confinement he endured while in the custody of the Milwaukee County Sheriff because it was her decisions that led to him being taken into custody.

**B. Constitutional Claims**

I will address plaintiff's asserted constitutional claims, which includes the case law he cites.

First, all of plaintiff's claims against Judge Jean DiMotto relate to decisions she made as part of plaintiff's criminal case. Therefore, she is entitled to absolute immunity. Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011) ("A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction.").

Second, criminal defense attorneys cannot be sued under 42 U.S.C. § 1983 because they do not qualify as a "state actor." Polk County v. Dodson, 454 U.S. 312, 318

4

(1981). Even an appointed attorney does not act under color of state law. Id. Plaintiff may not proceed on claims against the five private attorneys who represented him in his criminal case.

Third, plaintiff proposes claims against State Public Defender's Office employees Kelli Thompson and Thomas Reed. According to plaintiff, Thompson assigned five different private defense attorneys to work on his criminal case. Despite Thompson knowing about plaintiff's disability, none of the private attorneys had wheelchair-accessible office space. Nor were they asked if they had office space that could accommodate a person in a wheelchair. At the time, plaintiff was not in custody. Not only did plaintiff's second appointed attorney have an inaccessible office, he refused to meet plaintiff in an accessible environment. Plaintiff contacted Reed about his inability to get evidence he needed to prove his innocence and about the attorney's refusal to meet plaintiff in an accessible environment. However, Reed failed to find a reasonable alternative or reasonably accommodate plaintiff. Plaintiff believes he lost his criminal case as a result of these actions.

Plaintiff suggests that all defendants violated his rights under the Sixth and Fourteenth Amendments of the United States Constitution, and Article I, Section 7 of the Wisconsin Constitution (which includes the right to counsel). He also cites Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1972) (access to the courts) and Tennessee v. Lane, 541 U.S. 509, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004) (Title II of ADA abrogates Eleventh Amendment immunity).

Thompson and Reed did not deny plaintiff the right to counsel. They appointed counsel for him and, when one attorney did not work out, they appointed another. It is

5

unclear whether Reed had the power to insert himself into a criminal case to change the plaintiff's attorney, even if he had wanted to take action regarding the attorney who refused to meet plaintiff in an accessible environment.

Most importantly, though, there is no causal connection between plaintiff losing his criminal case (being convicted) and plaintiff being assigned attorneys with non-ADA-compliant offices. A criminal defendant is not guaranteed a specific location for meetings with his attorneys or means of access to them. Presumably he could talk to the attorneys on the phone or communicate with them in some other way (before or after hearings, e-mail, or letter, to name a few).

To the extent plaintiff has complaints about the representation he received, those claims are not against Thompson and Reed and they are not actionable under § 1983. See Polk County, 454 U.S. at 318. Plaintiff received the same services other criminal defendants, many of whom are unable to access their attorneys' offices because they are incarcerated.

Plaintiff has not stated a Fourteenth Amendment claim, either due process or equal protection, regarding Thompson and Reed.

**C.  ADA and Rehabilitation Act**

I now turn to plaintiff's ADA and Rehabilitation Act claims.

"To establish a violation of Title II of the ADA, the plaintiff must prove that he is a qualified individual with a disability, that he was denied the benefits of the services, program, or activities of a public entity or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was by reason of his disability." Wagoner v. Lemmon, 778 F.3d 586, 592 (7th Cir. 2015) (quotations and citations omitted). "The

Rehabilitation Act claim is functionally identical: it requires the plaintiff to allege that '(1) he is a qualified person (2) with a disability and (3) the [state agency] denied him access to a program or activity because of his disability.'" Id. (quoting Jaros v. Ill. Dep't Of Corr., 684 F.3d 667, 672 (7th Cir. 2012)).

Plaintiff is a qualified person with a disability. However, his complaint does not allege that he was denied the benefits of government services, programs, or activities based on his disability or otherwise subjected to discrimination due to his disability. As an initial matter, it is questionable whether the State Public Defender providing attorneys to criminal defendants is a program under the ADA and the Rehabilitation Act. Even if it is, plaintiff was not denied access to that program; he received at least five attorneys to represent him at different stages of his criminal case. Plaintiff may not proceed on claims under the ADA and the Rehabilitation Act.

Additionally, I note that individual employees "are not amenable to suit under the Rehabilitation Act or the ADA." Jaros, 684 F.3d at 670. Had he stated a claim, plaintiff would need to amend to name a state agency as the proper defendant. Such amendment is not necessary because plaintiff has failed to state an ADA or Rehabilitation Act claim.

**D.     FTCA**

Finally, plaintiff mentions the Federal Tort Claims Act, which "gives district courts exclusive jurisdiction over claims 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" Keller v. U.S., 771 F.3d 1021, 1022

7

(7th Cir. 2014) (quoting 28 U.S.C. § 1346(b)(1)). For example, prisoners can sue under the FTCA to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee. Keller, 771 F.3d at 1022-23 (quotation and citations omitted). In this case, plaintiff makes no claims against employees of the United States Government; the FTCA is inapplicable to this case.

### IV. ORDER

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #5) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to stay all orders and rulings (Docket #11) is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $348.68

balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden at Dodge Correctional Institution.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 13th day of August, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge